BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE STEPHEN SHANE STARK, COUNTY COUNSEL, COUNTY OF SANTA BARBARA, has requested an opinion on the following question:
Did the repeal of Streets and Highways Code section 905 in 1961 cause counties to obtain fee title ownership pursuant to the presumption of Civil Code section 1105 to any county highway where the deed conveying the land under the highway was ambiguous with respect to the interest intended to be transferred to the county?
 CONCLUSION
The repeal of Streets and Highways Code section 905 in 1961 did not cause counties to obtain fee title ownership pursuant to the presumption of Civil Code section 1105 to any county highway where the deed conveying the land under the highway was ambiguous with respect to the interest intended to be transferred to the county.
 ANALYSIS
Prior to its repeal in 1961 (Stats. 1961, ch. 1788, § 2), Streets and Highways Code section 905 ("section 905") provided:
 "By taking or accepting land for a county highway, the public acquires only the right of way and the incidents necessary to enjoy and maintain the same, subject to the regulations provided in this and the Civil Code and such regulations as may be imposed by local authority, not in conflict with state law. This section shall not be construed or applied so as to prevent a county, city and county, or city from acquiring fee title to land for highway purposes."
In addition to repealing section 905, the 1961 legislation imposed a one-year statute of limitations upon anyone who claimed that a county could not acquire "fee title by deed or condemnation to land for highway purposes" because of the language of section 905 prior to its repeal:
 "Any proceeding, action or defense based solely on any alleged effect of Section 905 of Streets and Highways Code prior to its repeal by Section 2 of this act as preventing a county or city and county from acquiring fee title by deed or condemnation to land for highway purposes shall not be commenced or maintained after the expiration of one year from the effective/date of this act." (Stats. 1961, ch. 1788, § 3.)[1]
We are asked whether the repeal of section 905 caused counties to obtain fee title ownership pursuant to Civil Code section 1105 ("section 1105") to any county highway where the deed conveying the land under the highway was ambiguous as to the interest intended to be transferred to the county. Section 1105 provides: "A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." We conclude that the 1961 repeal of section 905 did not affect conveyances of land for highway purposes and that the presumption of section 1105 is inapplicable here.
In City of Los Angeles v. Pac. Elec. Ry. Co. (1959)168 Cal.App.2d 224, the court examined the legislative history of section 905 prior to its repeal, including the legislative history of former section 2631 of the Political Code ("section 2631"), the predecessor statute to section 905. The court noted that the last sentence of section 905 was added in 1955 (Stats. 1955, ch. 1219, § 1) to clarify the terms of the statute rather than to change California law.[2] It pointed out that when the statutory language was first enacted in 1872 (Stats. 1872, ch. 278, § 1), the Code Commissioner's notes indicated that the language was intended only to create a "`legal presumption.'" (Id. at p. 229.) Further, the court observed that a long line of cases had held that the statutory language "`is but the formulation of the general rule laid down in the books and decided cases when treating of highways as easements. . . .'" (Id. at p. 228.)
The City of Los Angeles court found that such interpretation of section 2631 was consistent with other statutory provisions presuming public roads to be easements but recognizing that they may be owned in fee as well. (City of Los Angeles v. Pac. Elec. Ry. Co., supra, 168 Cal.App.2d at pp. 228-229.) For example, Civil Code section 831, also enacted in 1872, provides: "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown." Civil Code section 1112, enacted in 1872, states: "A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." Streets and Highways Code section 903, in language dating back to 1891 (Stats. 1891, ch. 271, § 1), specifies that "the county acquires title to the land" when it opens a county highway under certain conditions. Accordingly, neither section 905 prior to 1955 nor its predecessor, section 2631, prohibited fee ownership of public roads by counties or other government agencies.
The court in City of Los Angeles viewed the 1955 amendment of section 905 as specifically responding to Justice Edmond's dissent in People v. Thompson (1954)43 Cal.2d 13. (City of Los Angeles v. Pac. Elec. Ry. Co., supra, 168 Cal.App.2d at pp. 233-234.) The justice's dissent interpreted the majority's opinion in Thompson as "`holding that [section 2631] prohibited the state from acquiring a fee by the deed. . . .'" (Id. at p. 234.) Not only did the Court of Appeal disagree with the dissent's characterization of the majority's holding in Thompson, it applied the well-established rule that a court's holding, such as the majority's opinion in Thompson, must be considered authoritative only with/respect to the particular facts under consideration. (Id. at p. 233.)[3]
In People v. Thompson, supra, 43 Cal.2d 13, the Supreme Court concluded that the deed in question, when examined in its entirety, was intended by the parties to convey an easement. Since the overriding consideration in interpreting any deed of property is to ascertain and carry out the parties' intent (see Civ. Code, §§ 1066, 1636,1638, 1639; City of Manhattan Beach v. Superior Court (1996) 13 Cal.4th 232, 238-240; Miller Starr, Cal. Real Estate (3d ed. 2000) § 8.1, pp. 5-6), the court upheld the trial court's ruling that the deed had conveyed only an easement. (Id. at p. 19.) Consequently, no discussion of section 2631 was necessary, and at most, Thompson may be limited to its particular facts. (See City of Los Angeles v. Pac. Elec. Ry. Co., supra, 168 Cal.App.2d at pp. 232-233.)
The effect of the repeal of section 905 in 1961 must be viewed in light of this legislative history. Before 1955, the statute expressed the general "rule" that public roads are normally easements. The 1955 amendment reflected the exception that the land under a public road could be held in fee title ownership by the government entity. The repeal of section 905 did not change these well recognized principles of California law. After 1961, other statutes continued to express the presumption that a public road constitutes an easement (Civ. Code, §§ 831, 1112) but also continued to recognize that a county could own the fee title (Sts. Hy. Code, § 903).
With respect to the presumption of section 1105, a fee simple title is presumed "to pass by a grant of real property." However, this is a presumption that affects real property in general; it must yield to more specific presumptions dealing with public roads, where the presumption is that of an easement. (City of Los Angeles v. Pac. Elec. Ry. Co., supra, 168 Cal.App.2d at pp. 228-229.)
Of course, the primary rule to be applied in California continues to be that the intention of the parties governs as to whether the conveyance is of an easement or fee title. No presumption is to be applied if the words of the deed are clear. It is when the language is ambiguous that a statutory presumption controls. The phrase "right of way," for example, may be construed as referring to the transfer of either an easement or fee title, depending upon the circumstances. (See City of Manhattan Beach v. Superior Court, supra, 13 Cal.4th at p. 240, fn. 6; Severns v. Union Pacific Railroad Co. (2002) 101 Cal.App.4th 1209,1215-1216; Machado v. Southern Pacific Transportation Co. (1991) 233 Cal.App.3d 347, 354, 359; Miller 
Starr, Cal. Real Estate, supra, § 15:17, pp. 67-69.) Likewise, the phrase "for road purposes" may be construed as referring either to an easement or fee title, again depending upon the circumstances. (Machado v. Southern Pacific Transportation Co., supra, 233 Cal.App.3d at pp. 354, 359; Cooper v. Selig (1920)48 Cal.App. 228; Miller [Citations.]" (Security Pacific National Bank v. Wozab (1990) 51 Cal.3d 991,1003-1004; see also Finegan v. County of Los Angeles (2001) 91 Cal.App.4th 1, 9; Vons Companies, Inc. v. United States, Fire Ins. Co. (2000) 78 Cal.App.4th 52,60.) Starr, Cal. Real Estate, supra, § 15:17, pp. 67-69.) In these situations, all the relevant facts must be considered to determine the nature of the interest intended to be conveyed. (City of Manhattan Beach v. Superior Court, supra, 13 Cal.4th at p. 240, fn. 6.)
The only remaining issue to be resolved concerns the effect of the one-year statute of limitations contained in the 1961 legislation that repealed section 905. By its terms, the provision barred anyone from claiming after 1962 that a county did not acquire fee title to land for highway purposes because of the language of section 905 ("the public acquires only the right of way") prior to its repeal. In other words, if anyone claimed that section 905 said what the dissent in People v. Thompson, supra, 43 Cal.2d 13, asserted that the majority in Thompson had held (that section 905 prohibited a county from acquiring fee title), even after the 1955 amendment expressly indicating otherwise (that a county could acquire fee title to land for highway purposes), he or she had only until 1962 to assert such/an unfounded claim in court.[4] Hence, if the Legislature's amendment of section 905 in 1955 did not result in eliminating such claims altogether, the 1961 statute of limitations served to forever bar such claims after 1962. The 1961 legislation was thus consistent with and had the effect of reinforcing the 1955 legislation.
We conclude that the repeal of section 905 in 1961 did not cause counties to obtain fee title ownership pursuant to the presumption of section 1105 to any county highway where the deed conveying the land under the highway was ambiguous with respect to the interest intended to be transferred to the county.
[1] The effective date of the act was September 15, 1961.
[2] In Williams v. Garcetti (1993) 5 Cal.4th 561, 568, the court noted:
 "`"Where changes have been introduced to a statute by amendment it must be assumed the changes have a purpose. . . ."' [Citation.] That purpose is not necessarily to change the law. `While an intention to change the law is usually inferred from a material change in the language of the statute [citations], a consideration of the surrounding circumstances may indicate, on the other hand, that the amendment was merely the result of a legislative attempt to clarify the true meaning of the statute.' [Citation.]"
[3] "`"It is the general rule that the language of an opinion must be construed with reference to the facts presented by the case, and the positive authority of a decision is coextensive only with such facts."'
[4] The purpose of the statute of limitations was described in a letter from the California Land Title Association, the sponsor of the 1961 legislation, to the Governor dated July 10, 1961:
 "Section 3 of the bill provides for a statute of limitations to prevent anyone from thereafter contending that an easement only was conveyed to a county by a deed which on its face was a grant of the fee and which was intended to convey the fee. Likewise, such a contention could not be made after the period of limitation as to a final decree condemning and awarding payment for the fee. Such a limitation period, we believe, will serve to prevent future litigation and confusion on abandonment or vacation of such roads as to whether the county or someone else owns the underlying fee of these county roads. It should also obviate possible unjust enrichment of such claimants against the county who, in fact, had been paid to convey the fee title to the county."
Similarly, the Division of Contracts and Rights of Way of the Department of Public Works wrote to the Governor on June 30, 1961, as follows:
 ". . . This bill makes it clear that a deed to a public agency shall be interpreted as any other deed and it imposes a statute of limitations on setting up any claim that Section 905 of the Streets and Highways Code varies the terms of a deed."
These statements may be viewed as "a reiteration of . . . events leading to adoption of" the 1961 legislation. (See California Teachers Assn. v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 700.)